**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, | ) | |
| *Plaintiffs,* | ) | Case No. 17-CV-181 |
| v. | ) | Judge |
| MIDWESTERN SANITATION COMPANY, a Michigan corporation; | ) | Magistrate Judge |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Arthur H. Bunte, Jr., one of the Fund's present trustees, allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., and is a suit to recover employer contributions owed to the Central States, Southeast and Southwest Areas Pension Fund ("Fund") by Defendant in accordance with applicable collective bargaining, participation, and trust agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in

this Court pursuant to the forum selection clause contained in the Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Fund is an employee benefit plan and trust, with its principal office located at 9377 West Higgins Road in Rosemont, Illinois.

5. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund.

6. Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant Midwestern Sanitation Company ("Midwestern Sanitation") is a corporation organized under the laws of the State of Michigan. Midwestern Sanitation is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8. Local Union No. 247 ("Local 247") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Midwestern Sanitation and employees of other employers in industries affecting interstate commerce.

9. During all relevant times, Midwestern Sanitation and Local 247 have been parties to a collective bargaining agreement (the "CBA") pursuant to which Midwestern Sanitation has been required to make contributions to the Fund on behalf of certain of its covered employees.

10. Midwestern Sanitation is also party to a Participation Agreement which requires Midwestern Sanitation to pay contributions to the Fund on behalf of its covered employees.

11. Midwestern Sanitation agreed to be bound by the terms of the Fund's Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

12. Under the Trust Agreement, Midwestern Sanitation was required to "remit continuing and prompt Employer Contributions to the [Fund] as required by the applicable collective bargaining agreement ..."

13. The Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). […] Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate

> after entry of a judgment against an Employer for Employer Contributions (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

14. The Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Fund bills the employers for contributions.

## STATUTORY AUTHORITY

15. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such

> higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATION

### COUNT I – DELINQUENT CONTRIBUTIONS SINCE MARCH 29, 2015

17. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. During the period of March 29, 2015 through November 26, 2016, Midwestern Sanitation reported the work history of its covered employees to the Fund.

19. Based upon the employee work history reported to the Fund by Midwestern Sanitation for the period of March 29, 2015 through November 26, 2016, Midwestern Sanitation has breached the provisions of ERISA, the CBA, the Participation Agreement and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Fund for the period of March 29, 2015 through November 26, 2016.

20. Despite demands that Midwestern Sanitation perform its statutory and contractual obligations with respect to making contributions to the Fund, Midwestern Sanitation has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 19.

21. Midwestern Sanitation owes the Fund $89,949.85 for unpaid contributions (not including interest) for the period of March 29, 2015 through November 26, 2016, as a result of the conduct set forth in paragraph 19.

**WHEREFORE** Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(i) the unpaid contributions owed to the Fund based upon the employee work history reported by Defendant for the period of March 29, 2015 through November 26, 2016;

(ii) interest on the unpaid contributions computed and charged at the greater of: (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

(iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

(iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

**COUNT II – DELINQUENT CONTRIBUTIONS PRE - MARCH 29, 2015**

22. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

23. On September 5, 2007, Midwestern Sanitation filed a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Eastern District of Michigan, case number 07-57635 (the "Bankruptcy Case").

24. On August 31, 2009, an order was entered in the Bankruptcy Case confirming Midwestern Sanitation's plan of reorganization ("Confirmation Order").

25. The Confirmation Order, along with a subsequent stipulation between the parties, provided that Midwestern Sanitation owed the Fund $1,419,446.70, and that Midwestern Sanitation was required to pay that amount over time, at $6,333.33 per month, with interest running on the declining balance at the rate set forth in the Trust Agreement.

26. The Confirmation Order further provided that any claim or liability of Midwestern Sanitation to the Fund would pass through the Bankruptcy Case unaffected by the plan of reorganization and would continue as unaltered.

27. Although Midwestern Sanitation made a number of the required monthly payments of $6,333.33, Midwestern Sanitation has breached the provisions of the Confirmation Order, ERISA, the CBA, and the Trust Agreement by failing to pay the required installments of $6,333.33 per month, for over a year.

28. As of December 15, 2016, Midwestern Sanitation owes the Fund $1,502,356.56 for unpaid contributions and interest thereon for the contributions Midwestern Sanitation was required to remit to the Fund pursuant to the Confirmation Order.

**WHEREFORE** Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(i) the unpaid contributions owed to the Fund specified in the Confirmation Order;

(ii) interest on the unpaid contributions computed and charged at the greater of: (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

(iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

(iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

**COUNT III – AUDIT FINDINGS**

29. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

30. Pursuant to the Trust Agreement, the Fund is permitted to audit work history records of participating employers in order to verify the accuracy and completeness of the reported employee work history submitted as part of the self-reporting system.

31. The Fund audited Midwestern Sanitation's records to verify the accuracy and completeness of employee work history reported to the Fund by Midwestern Sanitation during the period of December 21, 2008 through September 27, 2014 ("Audit Period").

32. The audit revealed that Midwestern Sanitation had failed to accurately report the work history of its covered employees to the Fund during the Audit Period.

33. Based on the audit findings, Midwestern Sanitation breached the provisions of ERISA, the CBA, the Participation Agreement, and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Fund during the Audit Period.

34. For the Audit Period, Midwestern Sanitation owes the Fund $171,621.90 for unpaid contributions (not including interest) as a result of the conduct set forth in paragraph 33.

35. Under the Trust Agreement, employers who fail to pay amounts revealed to be owed by an audit are required to pay all costs incurred in connection with the audit.

**WHEREFORE** Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(i) the unpaid contributions owed to the Fund based upon the audit findings for the Audit period;

(ii) interest on the unpaid contributions computed and charged at the greater of: (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth

(15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

(iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

(iv) attorney's fees and costs; and

(v) audit fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Lois J. Yu*

Lois J. Yu, Attorney (ARDC #6321772)
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 939-2116
lyu@centralstatesfunds.org

January 10, 2017